ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
TRACY A. EGLET, ESQ.
Nevada Bar No. 6419
DANIELLE C. MILLER, ESQ.
Nevada Bar No. 9127
**EGLET ADAMS**
400 S. Seventh St., Suite 400
Las Vegas, NV  89101
(702) 450-5400; Fax: (702) 450-5451
eservice@egletlaw.com
          *-and-*
MATTHEW L. SHARP, ESQ.
Nevada Bar No. 4746
**MATTHEW L. SHARP, LTD.**
432 Ridge Street
Reno, NV 89501
(775) 324-1500; Fax: (775) 284-0675
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRUCE GREENFIELD, JOHNNY TRUJILLO, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PROGRESSIVE ADVANCED INSURANCE COMPANY, PROGRESSIVE CASUALTY INSURANCE COMPANY, PROGRESSIVE CLASSIC INSURANCE COMPANY, PROGRESSIVE COMMERCIAL CASUALTY COMPANY, PROGRESSIVE DIRECT INSURANCE COMPANY, PROGRESSIVE MAX INSURANCE COMPANY, PROGRESSIVE NORTHERN INSURANCE COMPANY, PROGRESSIVE NORTHWESTERN INSURANCE COMPANY, PROGRESSIVE PERFERRED INSURANCE COMPANY, and DOES 1 through 10,<br><br>Defendants. | Case No.: 2:21-cv-00571-RFB-BNW<br><br>**STIPULATION AND PROPOSED ORDER EXTENDING DEADLINE FOR PLAINTIFFS TO FILE AMENDED COMPLAINT** |

///

///

### STIPULATION AND PROPOSED ORDER EXTENDING DEADLINE FOR PLAINTIFFS TO FILE AMENDED COMPLAINT

Plaintiffs BRUCE GREENFIELD and JOHNNY TRUJILLO, by and through their counsel of record, Robert T. Eglet, Esq., Tracy A. Eglet, Esq., and Danielle C. Miller, Esq. of the law firm EGLET ADAMS and Matthew L. Sharp, Esq. of the law firm MATTHEW L. SHARP, LTD., and Defendants PROGRESSIVE DIRECT INSURANCE COMPANY, and PROGRESSIVE NORTHERN INSURANCE COMPANY (collectively, "Progressive"), by and through their counsel of record, D. Lee Roberts, Esq. and Ryan T. Gormley, Esq. of the law firm WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, for good cause shown, hereby stipulate and agree as follows:

1. Plaintiffs filed their Complaint in the Eighth Judicial District Court for Clark County, Nevada, Case No. A-21-829908-B. Progressive removed this action to this Court on April 7, 2021.

2. Progressive filed their Motion to Dismiss on May 28, 2021 [ECF No. 21].

3. Plaintiffs filed their Response to Progressive's Motion on June 28, 2021 [ECF No. 22].

4. Progressive filed a Reply in support of the Motion on July 16, 2021 [ECF No. 26].

5. That on February 9, 2021, the Honorable Richard F. Boulware, II heard Progressive's Motion to Dismiss and dismissed with prejudice all claims except the breach of implied covenant of good faith and fair dealing claim, tortious bad faith claim, and the Deceptive Trade Practices Act claim, which were dismissed without prejudice. The Court granted Plaintiffs leave to file an Amended Complaint with respect to Plaintiffs' claims that were dismissed without prejudice on or before Friday, March 11, 2022 [ECF No. 28].

6. Because the claims that were dismissed without prejudice must be pled with particularity, Plaintiffs need additional time to review Plaintiffs' e-mail correspondence, records, and bank statements going back at least two (2) years, to the beginning of the COVID-19 pandemic. Given how much time has passed and given the burden of pleading Plaintiffs' claims with particularity, Plaintiffs need additional time to thoroughly review their records to obtain this information. Plaintiffs will also have to request some of this information from third parties, which

1  may take additional time.

2      7.    Thus, the Parties hereby stipulate that Plaintiffs shall have an additional sixty (60)
3  days to file an Amended Complaint.

4      8.    That Plaintiffs' Amended Complaint shall be due on or before May 11, 2022.

5      9.    That Progressive shall have an extension of thirty (30) days to file a Motion to
6  Dismiss Plaintiffs' Amended Complaint.

7      10.    The Parties agree that discovery remains stayed pending Plaintiffs filing an
8  Amended Complaint and resolution of Defendant's anticipated Motion to Dismiss Plaintiffs'
9  Amended Complaint.

10      11.    In this District, requests to stay discovery may be granted when: (1) the pending
11 motion is potentially dispositive; (2) the potentially dispositive motion can be decided without
12 additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the
13 potentially dispositive motion. *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 602 (D. Nev. 2011).
14 In doing so, the court must consider whether the pending motion is potentially dispositive of the
15 entire case, and whether that motion can be decided without additional discovery. *See Federal
16 Housing Finance Agency v. GR Investments LLC*, Case No. 2:17-cv-03005-JAD-EJY, 2020 WL
17 2798011 at *3 (D. Nev. May 29, 2020) (granting motion to stay discovery pending resolution of
18 potentially dispositive motion for summary judgment); *see also Mintun v. Experian Information
19 Solutions, Inc*., 2:19-cv-00033-JAD-NJK, 2019 WL 2130134 at **1-2 (D. Nev. May 15, 2019)
20 (granting motion to stay discovery pending resolution of potentially dispositive motion to
21 dismiss).

22     12.    The Parties agree that Progressive's Motion to Dismiss raises potentially
23 dispositive legal and jurisdictional defenses to Plaintiffs' claims concerning Progressive's auto
24 insurance rates during the COVID pandemic.

25     13.    Pending resolution of Progressive's Motion to Dismiss, the Parties agree and
26 stipulate to a stay of discovery including, but not limited to, any discovery obligations set forth
27 in Fed. R. Civ. P. 26 and LR 26-1.

28     14.    If the Court denies Progressive's Motion to Dismiss, in whole or in part, the Parties

1  agree to submit a Discovery Plan and Scheduling Order within thirty (30) days after entry of the
2  Court's Order on the Motion.
3    15.  The Parties respectfully suggest that good cause exists to enter the stipulated stay
4  of discovery to preserve judicial and party resources and based on application of the factors set
5  forth in paragraph 11, above.
6    16.  The Parties represent that this stipulation is sought in good faith, is not interposed
7  for delay, and is not filed for an improper purpose.

DATED this 10th day of March, 2022.    DATED this 10th day of March, 2022.

**EGLET ADAMS**    **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Robert T. Eglet, Esq.*    */s/ D. Lee Roberts, Jr.*
ROBERT T. EGLET, ESQ.    D. LEE ROBERTS, JR., ESQ.
Nevada Bar No. 3402    Nevada Bar No. 8877
DANIELLE C. MILLER, ESQ.    RYAN T. GORMLEY, ESQ.
Nevada Bar No. 9127    Nevada Bar No. 13494
TRACY A. EGLET, ESQ.    6385 South Rainbow Blvd., Suite 400
Nevada Bar No. 6419    Las Vegas, Nevada 89118
400 S. Seventh St., Suite 400      -and-
Las Vegas, NV 89101    KYMBERLY KOCHIS, ESQ.
     -and-    (admitted pro hac)
MATTHEW L. SHARP, ESQ.    EVERSHEDS SUTHERLAND(US) LLP
Nevada Bar No. 4746    1114 Avenue of the Americas, 40th Floor
MATTHEW L. SHARP, LTD.    New York, NY 10036
432 Ridge Street       -and-
Reno, NV 89501    TRACEY LEDBETTER, ESQ.
*Attorneys for Plaintiffs*    (admitted pro hac)
    EVERSHEDS SUTHERLAND (US) LLP
    999 Peachtree Street, NE, Suite 2300
    Atlanta, GA 30309
    *Attorneys for Defendants*

## ORDER

Based upon the Parties' stipulation and GOOD CAUSE APPEARING THEREFOR, IT IS SO ORDERED:

**IT IS SO ORDERED.**

_____
RICHARD E. BOULWARE, II
United States District Court
DATED this 10th day of March, 2022.

4